UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH JAMES SMITH,

               Plaintiff,

     v.                             19-CV-6194-LJV
                                           DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____

      On March 14, 2019, the plaintiff, Joseph James Smith, brought this action under

the Social Security Act.  He seeks review of the determination by the Commissioner of

Social Security ("Commissioner") that he was not disabled.  Docket Item 1.  On August

20, 2019, Smith moved for judgment on the pleadings, Docket Item 10; on January 17,

2020, the Commissioner responded and cross-moved for judgment on the pleadings,

Docket Item 16; and on February 7, 2020, Smith replied, Docket Item 17.

      For the reasons stated below, this Court grants Smith's motion in part and denies

the Commissioner's cross-motion.[1]

## STANDARD OF REVIEW

      "The scope of review of a disability determination . . . involves two levels of

inquiry."  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first

decide whether [the Commissioner] applied the correct legal principles in making the

---

[1]  This Court assumes familiarity with the underlying facts, the procedural history,
and the ALJ's decision and will refer only to the facts necessary to explain its decision.

determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

Smith argues that the ALJ erred in basing his residual functional capacity ("RFC") determination on the ALJ's own lay opinion. Docket Item 10-1 at 14. This Court agrees that the ALJ erred and therefore remands the matter to the Commissioner for proper consideration of Smith's RFC.

"Although the RFC determination is an issue reserved for the [C]ommissioner, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Thomas v. Comm'r of Soc. Sec.*, No. 17-CV-723-HBS, 2019 WL 2295400, at *2 (W.D.N.Y. May 30, 2019) (quoting *House v. Astrue*, No. 5:11-CV-915-GLS, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013)). Thus, "where the transcript contains only

diagnostic evidence and no [supporting] opinion from a medical source about functional

limitations . . . , the ALJ [generally] must recontact [a treating physician], order a

consultative examination, or have a medical expert testify at the hearing." *Skupien v.

Colvin*, No. 13-CV-403S, 2014 WL 3533425, at *6 (W.D.N.Y. July 16, 2014) (quoting

*Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 913 (N.D. Oh. 2008)); *see also*

*Thomas*, 2019 WL 2295400, at *2 (explaining that "an ALJ's determination of RFC

without a medical advisor's assessment is not supported by substantial evidence"

(quoting *House*, 2013 WL 422058, at *4)).

Here, the ALJ concluded that Smith had the RFC to

> perform sedentary work . . . except [Smith] can lift, carry,
> push, and pull ten pounds frequently and twenty pounds
> occasionally; can stand and walk for one hour total in an
> eight-hour workday; can sit for seven hours total in an eight-
> hour workday; can occasionally climb ramps and stairs,
> balance, stoop, kneel, crouch, or crawl; can perform simple,
> routine, repetitive work at an SVP of 1 or 2; [can]
> occasional[ly] interact with the public; and can perform a low
> stress job, which is defined as having no more than
> occasional changes in the work setting.

Docket Item 7-2 at 22-23.  In reaching this conclusion, the ALJ gave "some

consideration" to the opinion of Harbinder Toor, M.D., who conducted a physical

consultative examination of Smith in March 2016.  *Id.* at 25-26.[2]

Dr. Toor noted that Smith "has had a history of chronic pain in the knees [for]

many years" and "had recent surgery done two weeks ago [o]n the right knee."  Docket

Item 7-7 at 98.  Dr. Toor opined that Smith "has moderate to marked limitation[s in]

standing, walking, lifting, or carrying" and "has [a] mild to moderate limitation [in] sitting

---

[2]  Dr. Toor's opinion is the only medical opinion in the record addressing Smith's
physical functional capacity.

a long time." *Id.* at 101.  Dr. Toor further explained that "[p]ain interferes with Smith's balance." *Id.*  Finally, Dr. Toor stated that Smith "can be reevaluated in the next few months after complete recovery from the recent surgery [o]n the right knee." *Id.*

The ALJ remarked that Dr. Toor's "opinion was rendered after [Smith]'s right knee surgery" and that Dr. Toor "noted that [Smith] should be reevaluated in the next few months when he recovered from his right knee surgery." *Id.* at 26.  But the ALJ did not explain which portions of Dr. Toor's opinion he accepted—in his words, "consider[ed]"—in formulating Smith's RFC.  Nor did the ALJ tie his conclusions about what Smith could do to the limitations in Dr. Toor's assessment.  In fact, some of the ALJ's conclusions seem inconsistent with Dr. Toor's evaluation.

For example, Dr. Toor's opinion that Smith had a "mild to moderate limitation [in] sitting a long time" seems inconsistent with the ALJ's conclusion that Smith could sit for seven hours out of an eight-hour workday.  Either the ALJ credited that portion of Dr. Toor's opinion—in which case the ALJ should have explained how his RFC determination regarding Smith's ability to sit was compatible with the opinion—or the ALJ rejected that portion of Dr. Toor 's opinion and "resort[ed] to impermissible interpretation of raw medical data" to conclude that Smith could sit seven out of eight hours.  *See Sherry v. Berryhill*, No. 1:17-CV-1102-HBF, 2019 WL 441597, at *5 (W.D.N.Y. Feb. 5, 2019).  Either way, the ALJ erred.  *See Perkins v. Berryhill*, No. 17-CV-6327-FPG, 2018 WL 3372964, at *4 (W.D.N.Y. July 11, 2018) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.").  And

none of the caselaw the Commissioner cites compels a contrary conclusion.  *See*

Docket Item 16-1 at 6.[3]

It also is unclear how the ALJ was able to determine that Smith could

"occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl,"

notwithstanding his "severe . . . status-post right knee meniscectomy" and Dr. Toor's

opinion that "[p]ain interfere[d] with his balance."  *See* Docket Item 7-2 at 21-22; Docket

Item 7-7 at 101; *cf. Thomas*, 2019 WL 2295400, at *2 (remanding where "[a]ll of the

records in the case consist of clinical notes that have no medical source statements and

no other assessments of plaintiff's exertional and non-exertional abilities," yet "the

Commissioner crafted a very specific RFC that included references to ladders, ropes,

and scaffolds").

Indeed, Dr. Toor opined that Smith was *moderately to markedly* limited in

"standing, walking, lifting, or carrying," Docket Item 7-7 at 101, but the ALJ did not

---

[3]  More specifically, none of the cases the Commissioner cites involved a
determination that being able to perform *one function* for *seven out of eight hours* is
consistent with a mild-to-moderate limitation in performing that function for "a long time."
*See Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. December 17, 2013) (summary
order) (finding that "the ALJ's determination that Lewis could perform 'light work' is
supported by [an examiner's] assessment of 'mild limitations for prolonged sitting,
standing, and walking'"); *Williams v. Colvin*, No. 16-CV-2293 (ADS), 2017 WL 3701480,
*7 (E.D.N.Y. Aug. 25, 2017) (rejecting the plaintiff's argument that it was error for the
ALJ to rely on an opinion that the plaintiff was "moderately" limited in sitting, standing,
and walking "because an opinion that a claimant is mildly or moderately physically
limited, without further explanation, has been held to not be substantial evidence by the
Second Circuit"); *Harrington v. Colvin*, No. 14-CV-6044, 2015 WL 790756, at *13-*14
(W.D.N.Y. Feb. 25, 2015) (finding that a medical opinion that a claimant was
"moderately" limited in sitting, standing, and walking was not inconsistent with the ALJ's
RFC determination that the plaintiff could sit, stand, and walk for six hours a day);
*Nelson v. Colvin*, 12-CV-1810, 2014 WL 1341964, *12 (E.D.N.Y. Mar. 31, 2014) (finding
that the ALJ's conclusion that a plaintiff could perform light work was supported by the
doctor's opinion that the claimant had mild-to-moderate limitations to her ability to sit,
stand and walk).

explain how that led him to conclude that Smith could "lift [and] carry . . .ten pounds frequently and twenty pounds occasionally," let alone "occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl," Docket Item 7-2 at 22-23.  Put another way, the ALJ failed to construct "an accurate and logical bridge" between his recitation of the facts and the conclusions he reached.  *See Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

To be clear, this Court is not saying that Dr. Toor's opinion was inherently inconsistent with the ALJ's RFC determination.  But neither is it consistent on its face. So the ALJ failed to explain his reasoning either linking the opinion to, or providing an alternative basis for, the RFC.  *See Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) ("[T]his is not to say that any moderate limitation in sitting or standing necessarily renders a claimant disabled. . . . But it does mean that [an ALJ] is required, in accordance with SSR 06-03p, to discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light work.").  And that frustrates this Court's efforts to "assess the validity of the agency's ultimate findings and afford [Smith] meaningful judicial review."  *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart,* 362 F.3d 995, 1002 (7th Cir. 2004)).

The Commissioner argues that an "ALJ is free to 'choose between . . . medical opinions.'"  Docket Item 16-1 at 8 (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)).  Of course, that is a correct statement of the law.  But the ALJ did not do that

here.  As explained above, *see supra* note 2, Dr. Toor's opinion was the only medical opinion in the record regarding Smith's physical functional capacity.

The Commissioner also notes that Dr. Toor "suggested [that] Smith was on the road to a 'complete recovery.'"  *Id.* at 9.  That also may be correct.  But not all trips reach their intended destination.  So while Smith may have been headed toward significant improvement, that hopeful prognosis does not and cannot support a finding that he was not disabled.

Finally, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel.'"  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).  To the extent that the ALJ discounted Dr. Toor's opinion because it was rendered shortly after Smith's knee surgery and Smith seemed to be on his way to recovering from that surgery, the ALJ should have developed the record.  *See Sobolewski v. Apfel,* 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.").  For example, the ALJ could have solicited an opinion from one or more of Smith's treating physicians or obtained an additional consultative examination once Smith had fully recovered.

"[T]he absence of a properly grounded RFC constitutes legal error that requires remand regardless of any underlying raw data."  *Thomas*, 2019 WL 2295400, at *2.

This Court therefore remands this case so that the ALJ may address the deficiencies noted above.[4]

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 16, is DENIED, and Smith's motion for judgment on the pleadings, Docket Item 10, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:       August 19, 2020
             Buffalo, New York


                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE

---

[4]  Smith also argues that the ALJ's RFC assessment was based on mischaracterizations of the record and was not supported by substantial evidence. Docket Item 10-1 at 14.  The Court "will not reach the remaining issues raised by [Smith] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, No. 1:13-CV-924, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015) ("Given the need to apply the proper legal standard, the Court will decline at this time to consider whether substantial evidence exists to support the findings the ALJ made.").